IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD PAUL GOODMAN,

                                                          OPINION and ORDER

               Plaintiff,

                                                          10-cv-214-slc[1]

     v.

WISCONSIN DEPARTMENT OF CORRECTIONS,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action for injunctive and monetary relief in which plaintiff Richard Goodman alleges that defendant Wisconsin Department of Corrections violated his constitutional rights when he was placed on extended supervision as a sex offender after having been discharged from his sentence. Plaintiff has asked for leave to proceed <u>in forma pauperis</u> and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any

---

[1] For the purpose of issuing this order I am assuming jurisdiction over the case.

1

  prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff has no dependents. His monthly income is $800, which makes his annual income $9,600. Because plaintiff's income is less than $16,000, he can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed without prepayment of costs, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). After reviewing the complaint, I conclude that plaintiff's claims are barred by the Rooker-Feldman doctrine and must be dismissed for lack of subject matter jurisdiction.

Plaintiffs alleges very few facts in his complaint. However, from the attached materials I have determined that in May 2003, plaintiff was convicted in the Circuit Court for Dane County, Wisconsin, on two counts of fourth-degree sexual assault in violation of Wis. Stat. § 940.225(3m) (Class A misdemeanors), one count of possession with intent to

2

deliver THC in violation of Wis. Stat. § 961.41(1m)(h)(1), and two counts of manufacturing within intent to deliver THC to a minor in violation of Wis. Stat. § 961.41(1)(h)(1).  Judge Patrick Fiedler sentenced plaintiff to nine months in local jail on the fourth-degree sexual assault charges and five years' imprisonment for each of the drug charges (to be served concurrently) with four years of extended supervision.  As conditions of the extended supervision, Judge Fiedler ordered plaintiff to pay a fine and restitution, prohibited him from contact with a specific person, revoked his driver's license for six months and required him to register as a sex offender and provide a DNA sample.

When plaintiff was released from prison in 2008, his parole officer directed him to register as a sex offender.  On May 12, 2008, Tina Gensler, a registration specialist in the Wisconsin Sex Offender Registry Program, wrote to Judge Fiedler, inquiring whether the sex offender registration on plaintiff's drug counts was in error and whether it was the court's intention to place the registration requirement on the fourth-degree sexual assault convictions.  Judge Fiedler responded to Gensler stating that it "most definitely was [his] intention that [plaintiff] be required to register as a sex offender" on the drug counts.

DISCUSSION

Plaintiff contends that being required to register as a sex offender for his drug convictions violates his constitutional rights because it amounts to cruel and unusual punishment and deprives him of liberty interests.  He requests that he be removed from the

3

sex offender registry and awarded punitive damages. Unfortunately for plaintiff, this court cannot provide him the relief he requests because his proposed claims are barred by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine prohibits federal courts other than the Supreme Court from exercising subject matter jurisdiction when the federal plaintiff alleges that his or her injury was caused by a state court judgment. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In addition, the Rooker-Feldman doctrine "precludes federal jurisdiction over claims "inextricably intertwined" with a state court determination . . . even when those claims were never argued in the state court." Remer v. Burlington Area School District, 205 F.3d 990, 996 (7th Cir. 2000). In applying the Rooker-Feldman doctrine, the inquiry is whether the "federal plaintiff seeks to set aside a state court judgment or whether he [or she] is, in fact, presenting an independent claim." Taylor v. Federal National Mortgage Ass'n, 374 F.3d 529, 532 (7th Cir. 2004). "A plaintiff may not circumvent the effect of the Rooker-Feldman doctrine simply by casting [his or her] complaint in the form of a federal civil rights action." Remer, 205 F.3d at 997 (citations omitted). Claims that seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry. Taylor, 374 F.3d at 532.

In this case, plaintiff's claims relate to alleged injuries that he suffered because of

4

Judge Fiedler's order that plaintiff register as a sex offender. Plaintiff contends that registration as a sex offender has caused him damages by restricting his ability to travel and work in certain places. Plaintiff's claims amount to requests for this court to review and reject a state court order and award him damages for the injuries caused by the order. Thus, plaintiffs claims fall squarely within <u>Rooker-Feldman</u> and are claims that should have been raised with Judge Fiedler during the state court proceedings or on direct appeal. Because this court lacks jurisdiction to order relief that would directly overrule Judge Fiedler's order, plaintiff's complaint must be dismissed.

ORDER

IT IS ORDERED that plaintiff Richard Goodman's complaint is DISMISSED for lack of jurisdiction. The clerk of court is directed to close this case.

Entered this 8th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5